**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KWAME G. LEE,

        Plaintiff,

v.                                                              Case No.
                                                                Hon.

ROY HARRIS, LYNN MOORE,
WILLIAM MORRISON, JADE TANGUAY,
and THE CITY OF DETROIT, a Municipal
corporation, Jointly and Severally,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Kwame G. Lee, and for his Complaint states as follows:

1.      Plaintiff, Kwame G. Lee is a resident of the City of Southfield, in Oakland County, Michigan.

2.      Defendant, Roy Harris, is a Detroit police officer working on the narcotics squad and residing in the City of Detroit, Michigan.

3.      Defendant, Lynn Moore, is a Detroit police officer working on the narcotics squad and residing in the City of Detroit, Michigan.

4.      Defendant, William Morrison, is a Detroit police officer working on the narcotics squad and residing in the City of Detroit, Michigan.

5.      Defendant, Jade Tanguay is a Detroit police officer working on the narcotics squad and residing in the City of Detroit, Michigan.

6.      Defendant, The City of Detroit, is a Michigan municipal corporation located in Wayne County, Michigan which owns and operates a police agency, the City of Detroit Police Department, which acts under the color of state law.

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343.

8.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

9.      At all times material hereto Defendants, Roy Harris, Lynn Moore, William Morrison and Jade Tanguary were employees of the City of Detroit and were acting in the course of their employment and under the color of state law as uniformed police officers.

10.     On March 19, 2010 at approximately 8:50 p.m., Plaintiff, Kwame Lee, ("Mr. Lee") and four of his friends were heading south on the Lodge freeway in a motor vehicle and exited on Jefferson and pulled into Amori's Liquor, a party store located at 1404 E. Jefferson in Detroit.

11.     Mr. Lee and his friend, Terry Wheeler, went into the party store and purchased two beers and a Mike's Hard Lemonade for Annie Weigum. (See receipt attached hereto as **Exhibit 1**)

12.     Mr. Lee's friend, Marcus, then asked for cigarettes.

13.     Marcus and Mr. Lee then went into the store to purchase the cigarettes. **(Exhibit 2)**

14.     At all times material hereto, Mr. Lee's vehicle was parked in the private parking lot next to Amori's Liquor.

15.     As Mr. Lee walked out of the party store, he saw the four Defendant police officers talking to his friend Terry Wheeler.

16.     Mr. Lee then asked his friend, Annie Weigum, what was happening.

17.     At that point the police officers grabbed Mr. Lee and began wrestling him towards the car.

18.     At that point Mr. Lee revealed that he had a concealed weapons permit.

2

19.     The four police officer Defendants then body slammed Mr. Lee against the back of his vehicle.

20.     Mr. Lee was not resisting the police officers, but was asking them what they were doing and why they were doing it.

21.     After slamming him against the trunk, the officers lifted Lee and threw him hard on the pointed window on the driver's side back window of his vehicle which was left halfway up.

22.     This assault  bruised and gashed Mr. Lee and ripped his shirt and scratched his car.

23.     The window on the driver's side was rendered inoperable from the force of Mr. Lee being slammed against it by the four police officers.

24.     Following this attack, the four Defendant police officers threw Mr. Lee to the ground head first.

25.     The four police officers then handcuffed Mr. Lee and three of his male friends and left them in handcuffs for approximately fifteen minutes while they searched his car.

26.     The four police officers were members of the narcotics squad and apparently they suspected Mr. Lee and his friends were in the possession of narcotic drugs.

27.     After the four police officers had searched the car and had not found any drugs, they poured out the unopened bottle of Mike's Lemonade and confiscated Mr. Lee's two guns, even though he had a lawful permit for them.

28.     When the four narcotics officers could not find any drugs, they decided to charge Mr. Lee and three of the individuals with impeding traffic upon a public street or highway. (**Exhibit 3**, Tickets) (**Exhibit 4**, MCL §257.676(b))

29.     Mr. Lee and his friends were perplexed by receiving tickets for blocking traffic on a public street or highway since Mr. Lee's car was, at all times, located in a private parking lot and not a public road and there was no traffic in the area to block or impede.

30.     Once Mr. Lee's case was brought to court for prosecution, it was summarily dismissed by the Court for lack of merit.  (**Exhibit 5**)

31.     Upon information and belief, all of the other cases for impeding traffic were dismissed as well.

32.     When Mr. Lee was body slammed against the back of his car, the pointed rear window on the driver's side of his vehicle, and the cement parking lot, Mr. Lee suffered a number of damages, including the following:

    a.     Conscious pain and suffering, including the following:

        i.     Cuts and bruises on his arm and head.
        ii.    Injuries to his testicles, including acute bilateral varicocoeles and an acute right hydrocoele.
        iii.   Bruised ribs.
        iv.    Injury to his kidneys.
        v.     Aggravation of a pre-existing periodontal condition, including the loosening of some of his teeth.
        vi.    Blood in his urine.

    b.     Emotional trauma and suffering.

    c.     Fright and shock.

    d.     Damage to his vehicle, including gashes and scratches and damage to the driver's side rear window which would no longer operate after the incident.

    e.     Medical expenses.

    f.     Lost wages.

    g.     Torn shirt.

    h.     Loss of two guns which were improperly converted by the Defendants

i.      Deprivation of his civil rights.

## Count I.
### §1983 Violation -Excessive Force – Unlawful Arrest – Police Officers

33.     Plaintiff incorporates all of the allegations contained in this Complaint into Count I.

34.     Defendants, Roy Harris, Lynn Moore, William Morrison and Jade Tanguay, used excessive force in arresting Kwame Lee in the following manner:

a.      Body slamming him against the trunk of his car;

b.      Collectively slamming him against the rear pointed window of his vehicle;

c.      Hurling him to the ground head first; and

d.      Handcuffing him for a period of approximately fifteen minutes.

35.     Mr. Lee was eventually given a ticket for Impeding traffic on a public road so there was no reason to use such excessive force on him.

36.     Mr. Lee at no time was a threat to the safety of the police officers since he disclosed he had a concealed weapon permit and did not at any time resist arrest.

37.     By using excessive force in arresting Mr. Lee, the four police officers deprived Mr. Lee of his constitutionally protected substantive due process right to liberty.

38.     The four police officers' actions were intentional and the action taken was for the purpose of causing physical harm, pain, suffering and emotional and psychological trauma to Mr. Lee in violation of and in deliberate indifference of Mr. Lee's substantive due process liberty right.

39.     The four police officers unlawfully arrested Mr. Lee and violated his Fourth Amendment right to be free from unlawful search and seizure by arresting and searching him

without any probable cause and by interfering significantly with his liberty by keeping him handcuffed for a period of approximately fifteen minutes.

40.    The four police officers' actions violated 42 U.S.C. §1983.

41.    As a result of the Defendant Police Officers' use of excessive force and unlawful arrest, the Plaintiff suffered the following damages:

    a.    Conscious pain and suffering, including the following:

        i.    Cuts and bruises on his arm and head.
        ii.    Injuries to his testicles, including acute bilateral varicocoeles and an acute right hydrocoele.
        iii.    Bruised ribs.
        iv.    Injury to his kidneys.
        v.    Aggravation of a pre-existing periodontal condition, including the loosening of some of his teeth.
        vi.    Blood in his urine.

    b.    Emotional trauma and suffering.

    c.    Fright and shock.

    d.    Damage to his vehicle, including gashes and scratches and damage to the driver's side rear window which would no longer operate after the incident.

    e.    Medical expenses.

    f.    Lost wages.

    g.    Torn shirt.

    h.    Loss of two guns which were improperly converted by the Defendants.

    i.    Deprivation of his civil rights.

    j.    Punitive damages.

    k.    Reasonable attorney fees and costs.

42.    Under 42 U.S.C. §1983 Plaintiff is entitled to damages, punitive damages, costs, interest and actual attorney fees pursuant to 28 U.S.C. §1988.

6

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of the Plaintiff against the individual police officers, Roy Harris, Lynn Moore, William Morrison and Jade Tanguay, Jointly and Severally, in whatever amount Plaintiff is entitled, along with punitive damages, costs, interest and attorney fees pursuant to 28 U.S.C. §1988.

## Count II.
### §1983 Violation – City of Detroit.

43.     Plaintiff incorporates all of the allegations contained in this Complaint into Count II.

44.     The City of Detroit has exhibited a deliberate indifference to Mr. Lee's constitutionally protected substantive due process liberty interests and his right to be free from illegal search and seizure.

45.     The City of Detroit's deliberate indifference is demonstrated by the following conduct:

a.     The City of Detroit has failed to properly train its officers as to the nature and extent of force allowable in effectuating an arrest, and the amount of probable cause needed to arrest.

b.     The City of Detroit has failed to properly supervise its officers as to how to prevent the use of excessive force when effectuating an arrest and how to arrest only if there is probable cause for arrest.

c.     The use of excess force by the City of Detroit Police Officers has become so common and prevalent that the United States Government has been forced to step in and monitor the police department with regard to excessive force claims.

46.     The systematic failure to train and supervise police officers in the proper way to effectuate an arrest and the need for probable cause to arrest has turned into a policy or custom

7

which was the moving force behind the excessive force used and lack of probable cause in arresting Mr. Lee for impeding traffic on a public street.

47.     As a result of the Defendant, City of Detroit's deliberate indifference to Plaintiff's civil rights and its policy and custom that led to the deprivation of those rights, the Plaintiff has suffered damages set forth as follows:

    a.     Conscious pain and suffering, including the following:

          i.      Cuts and bruises on his arm and head.
          ii.     Injuries to his testicles, including acute bilateral varicocoeles and an acute right hydrocoele.
          iii.    Bruised ribs.
          iv.    Injury to his kidneys.
          v.     Aggravation of a pre-existing periodontal condition, including the loosening of some of his teeth.
          vi.    Blood in his urine.

    b.     Emotional trauma and suffering.

    c.     Fright and shock.

    d.     Damage to his vehicle, including gashes and scratches and damage to the driver's side rear window which would no longer operate after the incident.

    e.     Medical expenses.

    f.     Lost wages.

    g.     Torn shirt.

    h.     Loss of two guns which were improperly converted by the Defendants.

    i.     Deprivation of his civil rights.

    j.     Punitive damages.

    k.     Reasonable attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of the Plaintiff against Defendant, The City of Detroit, in whatever amount Plaintiff is

entitled, along with punitive damages, costs, interest and attorney fees pursuant to 28 U.S.C. §1988.

## Count III
### Assault and Battery -Excessive Force
### Police Officers and City of Detroit

48.     Plaintiff incorporates all of the allegations contained in this Complaint into Count III.

49.     On March 19, 2010 Defendants, Roy Harris, Lynn Moore, William Morrison and Jade Tanguay committed assault and battery upon the Plaintiff in the following respects:

a.   They collectively picked up the Plaintiff and slammed him against the back of his automobile.

b.   They collectively grabbed him again and slammed him into a pointed window left halfway up on the car.

c.   They picked him up and threw him to the ground head first.

d.   They handcuffed and left him handcuffed for a period of approximately fifteen minutes.

50.     The actions set forth above, as well as other actions taken by the Defendants, amounted to an assault and battery of the Plaintiff.

51.     The force used by the Defendants in arresting the Plaintiff for impeding traffic on a public highway was clearly excessive.

52.     Defendants, Roy Harris, Lynn Moore, William Morrison and Jade Tanguay took the above described actions while in the course of their employment as police officers for the City of Detroit.

53.   Since the four police officers were in the course of their employment, the City of Detroit is vicariously liable for their actions.

54.   At no time was Mr. Lee a threat to the safety of the police officers.

55.   At no time did Mr. Lee resist arrest or take any action that would cause the Defendants to beat and abuse him.

56.   As a proximate cause of the Defendants' assault and battery of the Plaintiff, Mr. Lee has suffered the following damages:

    a.   Conscious pain and suffering, including the following:

        i.   Cuts and bruises on his arm and head
        ii.   Injuries to his testicles, including acute bilateral varicocoeles and an acute right hydrocoele.
        iii.   Bruised ribs.
        iv.   Injury to his kidneys.
        v.   Aggravation of a pre-existing periodontal condition, including the loosening of some of his teeth.
        vi.   Blood in his urine.

    b.   Emotional trauma and suffering.

    c.   Fright and shock

    d.   Damage to his vehicle, including gashes and scratches and damage to the driver's side rear window which would no longer operate after the incident.

    e.   Medical expenses.

    f.   Lost wages.

    g.   Torn shirt.

    h.   Loss of two guns which were improperly converted by the Defendants.

    i.   Deprivation of his civil rights.

    j.   Punitive damages.

    k.   Reasonable attorney fees and costs.

57.     The Defendants had no legitimate reason to use this type of excessive force on the Mr. Lee when arresting him for the civil infraction of impeding traffic on a public highway.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of the Plaintiff against Defendants, Jointly and Severally, in whatever amount Plaintiff is entitled, along with costs, interest, exemplary damages and attorney fees.

### Count IV
### False Arrest and False Imprisonment – Police Officers and City of Detroit

58.     Plaintiff incorporates all of the allegations contained in this Complaint into Count IV.

59.     On or about March 19, 2010 the Defendants Police Officers took the following actions which amounted to false arrest and false imprisonment:

    a.     They grabbed the Plaintiff and slammed him against the back of his car.

    b.     They grabbed Plaintiff for a second time and slammed him into the pointed rear window of the driver's side of his car, left halfway down.

    c.     They collectively took hold of the Plaintiff and threw him head first to the concrete.

    d.     They handcuffed the Plaintiff and left him handcuffed for a period of approximately fifteen minutes.

60.     The actions of the Defendants amounted to an unlawful restraint of the Plaintiff's personal liberty.

61.     The Defendants had no probable cause to arrest the Plaintiff or to falsely imprison him.

62.     The individual Defendants took the above described actions with the intent of confining the Plaintiff.

63.    The individual Defendants' actions direct and indirectly resulted in the confinement of the Plaintiff.

64.    The Plaintiff was conscious of his confinement and was very upset by it.

65.    By taking the above actions, the Defendants falsely arrested and falsely imprisoned the Plaintiff.

66.    The individual Defendants' actions constituting false arrest and false imprisonment of the Plaintiff were taken during the course of their employment as police officers for the Defendant, City of Detroit.

67.    The City of Detroit is vicariously liable for the false arrest and false imprisonment of the Plaintiff.

68.    As a result of the Defendants' false arrest and false imprisonment of the Plaintiff, the Plaintiff has suffered the following damages:

  a.    Conscious pain and suffering, including the following:

      i.     Cuts and bruises on his arm and head.
      ii.    Injuries to his testicles, including acute bilateral varicocoeles and an acute right hydrocoele.
      iii.   Bruised ribs.
      iv.    Injury to his kidneys.
      v.     Aggravation of a pre-existing periodontal condition, including the loosening of some of his teeth.
      vi.    Blood in his urine.

  b.    Emotional trauma and suffering.

  c.    Fright and shock.

  d.    Damage to his vehicle, including gashes and scratches and damage to the driver's side rear window which would no longer operate after the incident.

  e.    Medical expenses.

  f.    Lost wages.

g.   Torn shirt.

h.   Loss of two guns which were improperly converted by the Defendants.

i.   Deprivation of his civil rights.

j.   Punitive damages.

k.   Reasonable attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of the Plaintiff against Defendants, Jointly and Severally, in whatever amount Plaintiff is entitled, along with costs, interest, exemplary damages and attorney fees.

Respectfully submitted,

Hafeli Staran Hallahan & Christ, P.C.

s/Mark W. Hafeli
4190 Telegraph Road, Ste. 3000
Bloomfield Hills, MI  48302-2082
(248) 731-3083
mhafeli@hshclaw.com
(P28908)

Dated:  July 21, 2010.

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Kwame G. Lee, by and through his attorney, Mark W. Hafeli, and hereby demands a trial by jury of the above cause of action.

Respectfully submitted,

Hafeli Staran Hallahan & Christ, P.C.

s/Mark W. Hafeli
4190 Telegraph Road, Ste. 3000
Bloomfield Hills, MI  48302-2082
(248) 731-3080
mhafeli@hshclaw.com
(P28908)

Dated: July 21, 2010.

# EXHIBIT 1

```
                              AMORI'S LIQ
                              313 259 5620
                              THANK YOU

        REG       03-19-2010 21:33
        C01       MC #02           046910

        1 BEER                     $1.79
        1 BEER                     $1.79
        1 BTL DEPOSIT              $0.20
        1 BEER                     $2.99
        1 BTL DEPOSIT              $0.10
                       3 No
        TX1                        $0.39
        TL                        $7.26
        CASH                       $7.26
```

8:57 P.M.

3-19-10

AMORIS MARKETPLACE, INC.
1404 E. JEFFERSON AVENUE
DETROIT, MI 48207

# EXHIBIT 2

AMORIS MARKETPLACE, INC.
1404 E JEFFERSON AVENUE
DETROIT, MI 48207

8:51 P.M.
3-19-10

```
           AMORI'S LIQ
         313 259 5620
           THANK YOU

REG       03-19-2010 21:33
C01       MC #02        046908

  1 CIG                   $6.46
                  1 No
  TX1                     $0.39
  TL                      $6.85
  CASH                    $6.85
```

# EXHIBIT 3

**State of Michigan — Uniform Law Citation**

Ticket No. 10 434053

State of Michigan
Uniform Law Citation

Ticket No. 10 434051

---

**Left citation (Ticket No. 10 434053)**

US DOT #

The People of: ☐ the State of Michigan
☐ Township ☒ City ☐ Village ☐ County
OF: **DETROIT**

THE UNDERSIGNED SAYS THAT ON:

Race ___ Sex ___ Height ___ Weight ___ Hair ___ Eyes ___ Occupation/Employer

Name (First, Middle, Last)

Street 2480 Hatley

City Southgate State MI Zip Code

Vehicle Plate No. ___ Year ___ State ___ Vehicle Description (Year, Make, Color) ___ 1979 Ford Mustang

THE PERSON NAMED ABOVE, in violation of ☒ Local Ordinance ☐ State Law ☐ Administrative Rule

UPON

AT OR NEAR

WITHIN ☒ CITY ☐ VILLAGE ☐ TOWNSHIP OF **DETROIT**

COUNTY OF **WAYNE**

| Type | | Ordinance | Description | Charge No. |
|---|---|---|---|---|
| ☒C/I ☐Warn | | ☐Authorization pend. | 257.676b Loitering | 1 |
| ☐Misd ☐Fug | | | | |
| ☐Fel ☐Walv | | | | |

TO THE COURT: Do not arraign on a felony charge until an authorized complaint is filed.

Key for Type: C/I = Civil Infraction  Misd = Misdemeanor  Fel = Felony  Warn = Warning  Fug = Fugitive  Walv = Violation for Which Fines/Costs May be Waived  Authorization pend. = Authorization pending

Remarks: Sitting in above vehicle with (a few Intoxicant (convertable)

CHECK IF APPROPRIATE ☐ Damage to Property ☐ Local Court Bond $ ___
☐ Vehicle Impounded ☐ Injury ☐ License Posted In Lieu of Bond
☐ Traffic Crash ☐ Death ☐ Appearance Certificate
Person In Active Military Service ☐ Yes ☐ No ☒ None

In the **36TH DISTRICT** Court of **DETROIT**
Court Address & Phone Number
421 MADISON
DETROIT, MICHIGAN 48226
PHONE (313) 965-8700

☐ I served a copy of the civil infraction complaint upon the defendant (or owner/occupant by posting if applicable). I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Complainant's Signature and receipt if applicable    Month 3 Day 19 Year 10

Officer's Name (printed) L Moore    Officer's ID No. 889

Agency ORI ___    Agency Name **DETROIT POLICE DEPARTMENT**

Ticket No. 10 434053

---

**Right citation (Ticket No. 10 434051)**

US DOT #

The People of: ☐ the State of Michigan
☐ Township ☒ City ☐ Village ☐ County
OF: **DETROIT**

THE UNDERSIGNED SAYS THAT ON: 3-19-2010 9:05 ___

State MI ☐ Oper./Chauff ☐ CDL  Driver License Number ___ SSN (last 4 digits) ___

Race ___ Sex M Height 5-11 Weight 175 Hair Blk Eyes Brn Occupation/Employer

Name (First, Middle, Last) Kwame Gabriel Lee

Street 21480 Plattsburg St

City ___ State ___ Zip Code

Vehicle Plate No. ___ Year ___ State ___ Vehicle Description (Year, Make, Color) Maxima 2-10 yr 1979 Ford Blk

THE PERSON NAMED ABOVE, in violation of ☐ Local Ordinance ☒ State Law ☐ Administrative Rule

UPON 1404 E. Jefferson

AT OR NEAR

WITHIN ☒ CITY ☐ VILLAGE ☐ TOWNSHIP OF **DETROIT**

COUNTY OF **WAYNE**

| Type | | Ordinance | Description | Charge No. |
|---|---|---|---|---|
| ☐C/I ☐Warn | | ☐Authorization pend. | Loiter Impede with th... | 1 |
| ☒Misd ☐Fug | | 257.676b | unified traffic | |
| ☐Fel ☐Walv | | | | |

TO THE COURT: Do not arraign on a felony charge until an authorized complaint is filed.

Key for Type: C/I = Civil Infraction  Misd = Misdemeanor  Fel = Felony  Warn = Warning  Fug = Fugitive  Walv = Violation for Which Fines/Costs May be Waived  Authorization pend. = Authorization pending

Remarks: Subj stood out in the middle of the street attempt (unfied) hard to Expended + fail to advise of weapon no license permit

CHECK IF APPROPRIATE ☐ Damage to Property ☐ Local Court Bond $ ___
☐ Vehicle Impounded ☐ Injury ☐ License Posted In Lieu of Bond
☐ Traffic Crash ☐ Death ☐ Appearance Certificate
Person In Active Military Service ☐ Yes ☐ No ☐ None

In the **36TH DISTRICT** Court of **DETROIT**
Court Address & Phone Number
421 MADISON
DETROIT, MICHIGAN 48226
PHONE (313) 965-8700

☒ I served a copy of the civil infraction complaint upon the defendant (or owner/occupant by posting if applicable). I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Complainant's Signature and receipt if applicable    Month 3 Day 19 Year 10

Officer's Name (printed) ROY HARRIS    Officer's ID No. 5126

Agency ORI ___    Agency Name **DETROIT POLICE DEPARTMENT**

Ticket No. 10 434051

# EXHIBIT 4

LexisNexis® *Total Research System*                    Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History | 曱

FOCUS™ Terms [            ]   Search Within [Original Results (1 - 1)] [▦][Go →]  Advanced...

Service: Get by LEXSTAT®
  TOC: Michigan Statutes Annotated > / ... / > MISCELLANEOUS RULES > § 257.676b. Blocking traffic; exemption; violation, civil infraction.
Citation: Mich. Comp. Laws 257.676B

*MCLS § 257.676b*

Retrieve State Legislative Impact® ($)

MICHIGAN COMPILED LAWS SERVICE
Copyright © 2010 Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

* THIS DOCUMENT IS CURRENT THROUGH P.A. 89 OF THE 2010 LEGISLATIVE SESSION *

CHAPTER 257  MOTOR VEHICLES
MOTOR VEHICLE CODE
CHAPTER VI.
MISCELLANEOUS RULES

**Go to the Michigan Code Archive Directory**

MCLS § 257.676b (2010)

MCL § 257.676b

§ 257.676b.   Blocking traffic; exemption; violation, civil infraction.

  Sec. 676b. (1) A person, without authority, shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular or pedestrian traffic upon a public street or highway in this state, by means of a barricade, object, or device, or with his or her person. This section shall not apply to persons maintaining, rearranging, or constructing public utility facilities in or adjacent to a street or highway.
  (2) A person who violates this section is responsible for a civil infraction.

**HISTORY:** Act 300, 1949, p 515; eff September 23, 1949.

Pub Acts 1949, No. 300, Ch. VI, § 676b, as added by Pub Acts 1968, No. 151, eff November 15, 1968; amended by Pub Acts 1978, No. 510, eff March 30, 1979, by § 4 eff August 1, 1979.

**NOTES:**
Editor's notes:
  Pub Acts 1978, No. 510, § 3,  eff March 30, 1979, by § 4 eff August 1, 1979, provides:
  "Section 3. Section 4a of chapter 1 of the Revised Statutes of 1846, being section 8.4a of the Michigan Compiled Laws applies to violations of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Michigan Compiled Laws, or local ordinance substantially corresponding thereto, which occurred before the effective date of this amendatory act and which would otherwise be designated as civil infractions upon the effective date of this amendatory act."

Michigan Digest references:
  Automobiles and Motor Vehicles § 406
  Negligence § 53
  Officers and Public Employees § 70

LEXIS Publishing Michigan analytical references:
  Michigan Law and Practice, State § 104

ALR notes:
  Estoppel of municipality as to encroachments upon public streets, 44 ALR3d 257.

Research references:
  39 Am Jur 2d, Highways, Streets, and Bridges §§ 273 et seq

Service: Get by LEXSTAT®
  TOC: Michigan Statutes Annotated > / ... / > MISCELLANEOUS RULES > § 257.676b. Blocking traffic; exemption; violation, civil infraction.
Citation: Mich. Comp. Laws 257.676B
  View: Full
Date/Time: Wednesday, June 16, 2010 - 3:04 PM EDT

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis®    About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2010 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT 5

TATE OF MICHIGAN
36TH JUDICIAL DISTRICT COURT

THE PEOPLE OF THE ~~████████~~ City Of Detroit

Case No. *10434051 1*
Hon. E. Lynise Bryant-Weekes

vs.

*Kwame H. Lee*
Defendant

### ORDER OF DISMISSAL

At a session of said Court held in the 36th Judicial District
Court for the County of Wayne, State of Michigan, on

_____ JUN 0 4 2010 _____, 2010

Present:   ~~Hon. E. Lynise Bryant-Weekes~~
DISTRICT COURT JUDGE

IT IS ORDERED THAT the above captioned case is hereby dismissed without prejudice.

DISTRICT COURT JUDGE   *E Lynise BryantWeekes*

DWOP

JUN 0 3 2010

Motion of Defendant
Judge E. Lynise Bryant-Weekes